UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GERALD HENNEGHAN | ) | Case No. 03-11853-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| GERALD HENNEGHAN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 05-1219 |
| | ) | |
| RAJ BANSAL *et al*. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

A hearing was held in open court on September 6, 2005, on the defendants' motion for reconsideration of this court's order of May 20, 2005, granting in part and denying in part their motion to dismiss the complaint. The plaintiff did not file a response to the motion, nor did he appear when the matter was called. The court ruled from the bench that the motion would be granted, and that the count not previously dismissed – Count 4 – would be dismissed. The purpose of this opinion is to briefly explain the reason for the court's ruling.

Background

This is an action against the debtor's former landlord, Raj Bansal, and the landlord's attorney, Ted W. Hussar, for violation of the automatic stay. Originally, the complaint also

1

pleaded a number of claims sounding in race and sex discrimination; however, those counts (Counts 1, 2, 3, and 5) were dismissed without prejudice for lack of subject-matter jurisdiction.  The alleged violation of the automatic stay (Count 4) occurred in the context of a bankruptcy case originally filed under chapter 13, but ultimately converted to chapter 7.  This was the fifth of six bankruptcy cases filed by the debtor since 1998, and the only one in which he received a discharge.

Relevant to the present motion, the case had a tortuous history.  The chapter 13 petition was filed on April 17, 2003.  The case was dismissed on June 19, 2003, but the dismissal order was subsequently vacated on August 19, 2003.  The case was again dismissed on November 14, 2003, but the dismissal order was once again vacated, this time on December 18, 2003.  Finally, the case was dismissed a third time on March 12, 2004, and remained dismissed until May 6, 2005, when the third dismissal order was vacated and the case was converted to chapter 7.  The debtor received a discharge on September 14, 2004, and the case was thereafter closed on February 4, 2005.  During the case, the debtor's landlord, Raj Bansal, filed a motion for relief from the automatic stay in order to bring a state court eviction action.  An order was entered on June 5, 2005, granting that motion.

The present action was filed on March 28, 2005, and seeks $2.42 million in compensatory and punitive damages.  This is one of 16 adversary proceedings filed by the debtor under the umbrella of the closed case against various creditors alleging violations of the automatic stay or the discharge injunction, as well as violations of the debtor's civil

rights.[1]  The complaint alleges that the defendants violated the automatic stay and the discharge "by distressing [the debtor] with [their] monetary judgment against [the debtor] in the amount of $8,000.00 ... after the Defendant was advised in writing that [the debtor] had filed bankruptcy in this honorable Court, and received a discharge on September 14, 2004."  Complaint ¶ 8.  The complaint references an exhibit (a credit report) showing a "civil claim judgment" in favor of Mr. Bansal against the debtor in the Prince William County [General] District [Court] in July 2003.  The defendants filed a motion to dismiss the complaint that raised issues of standing as to all claims[2] and jurisdiction as to the alleged civil rights violations.  The motion to dismiss was heard on May 17, 2005.  No specific argument was made by defendants in their brief as to the court's power to entertain the action in the absence of an order reopening the debtor's case.  That particular argument had been raised, however, by several other defendants whom the debtor had sued, and counsel for the defendants in this action orally adopted their argument.  In any event, the court granted the motion to dismiss as to the four civil rights counts based on lack of subject-matter jurisdiction but ruled that the underlying bankruptcy case did not have to be reopened to consider a claimed violation of the automatic stay or discharge injunction.  An order was entered on May 20, 2005, consistent with that ruling.

---

[1]  An additional ten adversary proceedings were filed under the umbrella of a 2005 bankruptcy case that was later dismissed.

[2]  The standing question arose because the action had been filed after the debtor had filed a new chapter 7 bankruptcy case, the argument being that only the trustee in that case had standing to assert the claim. The standing issue was mooted by the conversion of the new case to chapter 13 and its eventual dismissal.

Three weeks later, the court heard extensive argument from the defendants in several other adversary proceedings Mr. Henneghan had brought as to whether the underlying bankruptcy case needed to be reopened as a predicate to consideration of the debtor's claims for violation of the automatic stay and discharge injunction. After taking the issue under advisement, the court held that reopening the closed case was a prerequisite to consideration of those adversary proceedings. *Henneghan v. Columbia Gas of Virginia, Inc. (In re Henneghan)*, No. 03-11853, A.P. No. 05-1220 (Bankr. E.D. Va., June 22, 2005).[3] The present motion for reconsideration asks the court to reach the same result in the present action.

<u>Discussion</u>

Since the order denying the motion to dismiss Count 4 is not a final order, the rules that permit a bankruptcy court to alter or amend, or grant relief from, a final order or judgment are not, strictly speaking, applicable. Fed.R.Bankr.P. 9023 and 9024. Put another way, an interlocutory order may be revisited by a court at any time prior to the entry of a final judgment or order. Prudence, however, will usually dictate that there be some weighty reason for reconsideration of an interlocutory order. In the present case, were there a colorable argument that the defendants had violated the automatic stay or discharge injunction, the court would not dismiss Count 4, but would simply amend the order that has

---

[3] The debtor subsequently filed a motion to reopen the closed case for the purpose of prosecuting the eleven adversary proceedings. The court, following a hearing, agreed to reopen the case for the purpose of hearing two specified adversary proceedings and deferred consideration of whether it should be reopened to hear the present adversary proceeding. *In re Henneghan*, No.03-11853 (Bankr. E.D. Va., August 24, 2005).

4

previously been entered (in connection with the debtor's motion to reopen the closed bankruptcy case) so as to permit the present action to proceed.

The problem here is that the facts alleged in the complaint do not amount to a violation of the automatic stay or discharge injunction. The alleged violation consists of the entry of a money judgment against the debtor in July 2003 in the amount of $8,800. In July 2003, there was no automatic stay in effect, since the debtor's case had been dismissed on June 19, 2003, and the dismissal order was not vacated until August 18, 2003. While the order vacating the dismissal had the legal effect of reinstating the automatic stay, it did so prospectively, not retroactively. *See In re Lomagno*, 320 B.R. 473, 482 (1st Cir. BAP 2005) (holding that foreclosure sale conducted after dismissal of chapter 13 case but prior to appellate decision reversing the dismissal was a valid sale, since automatic stay is not in place after dismissal). There is no allegation in the complaint of any action by the defendants to collect on the money judgment following the reinstatement of the chapter 13 case. The mere fact that the judgment was picked up by a credit reporting service does not constitute a prohibited attempt to enforce the judgment as a personal liability of the debtor.[4]

---

[4] Credit reports commonly contain information derived from public records in addition to information supplied directly by the creditors. The report attached as an exhibit to the complaint shows that the source of the information concerning the judgment was the state court, not Mr. Bansal. There are a number of pending actions in this court that raise the issue of whether a *creditor's* post-discharge reporting of a discharged debt as though it were a current liability violates the discharge injunction. Here, however, there is no suggestion that Mr. Bansal was the source of the information on the credit report. The debtor has cited no authority – and the court is aware of none – that would place an affirmative duty on a creditor who obtained an otherwise proper judgment against a debtor to vacate the judgment once the underlying claim is discharged in bankruptcy. To be sure, the discharge voids the judgment. 11 U.S.C. § 524(a)(1), Bankruptcy Code. However, so long as the judgment creditor takes no step to enforce or exploit the judgment, the creditor does not violate the
(continued...)

Thus, reopening the case for the purpose of prosecuting the present action would be pointless. To the extent the debtor is fearful that the unreleased judgment may interfere with his fresh start following bankruptcy, the debtor has a complete remedy either under state law, which permits the judgment to be marked "discharged in bankruptcy" upon motion by the debtor,[5] or under this court's power to issue a declaratory judgment that the debt has been discharged. What the debtor seeks here, however, is not a declaratory judgment but money damages, and no facts have been alleged that would support an award of damages.

A separate order will be entered granting the motion to reconsider and dismissing Count 4.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Gerald Henneghan
10102 Parkington Court
Manassas, VA 20109
Plaintiff *pro se*

Richard G. Hall, Esquire
4208 Evergreen Lane, Suite 234
Annandale, VA 22003
Counsel for the defendants

---

[4](...continued)
discharge injunction simply because the judgment remains on the public record..

[5]  Va. Code Ann. § 8.01-455.